## Frank J. Shead, trading as Shead Lumber Association, Defendant in Error, v. Louisiana Lumber Company, Plaintiff in Error.

### Gen. No. 17,751.

1. BROKERS, § 3*—*when license not required.* As to interstate commerce transactions, an ordinance of the city of Chicago making it unlawful for brokers to conduct a brokerage business without a license is of no force and effect.

2. BROKERS, § 93*—*questions of fact.* In an action for commissions, whether the broker abandoned the effort to make a sale, or whether he was the procuring cause or whether he represented the purchaser are questions of fact.

3. NEW TRIAL, § 117*—*order.* Court should not enter a *pro forma* order overruling a motion for a new trial.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed October 13, 1913.

EASTMAN & WHITE, for plaintiff in error; RALPH R. HAWXHURST, of counsel.

H. J. TONER & V. I. OHRENSTEIN, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the defendant in error, brought an action of the fourth class in the Municipal Court of Chicago against the defendant, here the plaintiff in error, to recover certain commissions alleged to be due from the defendant to the plaintiff, as a broker in the sale of certain lumber to the Chicago, Rock Island and Pacific Railroad Company. The case was heard by the court without a jury and a finding was entered for the plaintiff on the issues and his damages assessed at $347.65 and judgment entered therefor.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

The defendant in its brief states:

"There is no dispute in this record as to the fact that a certain sale of lumber was made by the defendant Company to the Rock Island Railroad Company, nor is there any dispute as to the amount the plaintiff was entitled to recover if he is entitled to recover at all.  The contention of the defendant is that the plaintiff is not entitled to recover, being a broker without a license, as hereinafter shown, and further, that the plaintiff is not entitled to recover because he did not perform the services of a broker in such a manner as would entitle him to compensation under the law of this State."

The plaintiff was a lumber broker in Chicago.  The defendant was a Missouri corporation with its principal office at St. Louis, Mo.  The Rock Island Railroad Company purchased from the defendant nearly 700,000 feet of lumber to be shipped to Arkansas.  The plaintiff was authorized by the defendant to get the order from the Rock Island Company for said lumber, and there followed negotiations and correspondence between all the parties in reference thereto.  Whether the plaintiff abandoned the effort to make said sale, whether the plaintiff was the procuring cause of the sale and whether the plaintiff represented the Rock Island Company were questions of fact, and on a review of the evidence we are not disposed to disturb the findings of the court thereon as being clearly and manifestly against the weight of the evidence.

The contention that the plaintiff is not entitled to recover on the ground that he had no broker's license, as required by an ordinance of the city of Chicago, cannot be sustained.  The transaction in question was one of interstate commerce.  As to interstate commerce transactions the said ordinance of the city of Chicago, making it unlawful for brokers to conduct a brokerage business without obtaining a license as therein provided is of no force or effect.  *Welton v. Missouri* 91 U. S. 275; *McCall v. California,* 136 U. S. 104; *Brennan v. Titusville,* 153 U. S. 289; *Stockard v. Morgan,*

185 U. S. 27; *Stratford v. City of Montgomery,* 110 Ala. 619.

The plaintiff's conduct in the transaction being lawful and not in violation of the said ordinance, we are of the opinion that its provisions can be of no avail to the defendant in this action.

The defendant suggests that the trial court should not enter a *pro forma* order overruling a motion for a new trial. We concur in the suggestion. But there is no *pro forma* order overruling the motion for a new trial in this record.

The judgment is affirmed.

*Affirmed.*